An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS ORTIZ A/K/A CARLOS ORTIZ-MORALES,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61290



FILED

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a motion to withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his motion filed on May 31, 2012, appellant claimed that his guilty plea was involuntary due to ineffective assistance of counsel. We conclude that the equitable doctrine of laches precluded consideration of the motion because there was a more than four-year delay from entry of the judgment of conviction, there was inexcusable delay in seeking relief, an implied waiver exists from appellant's knowing acquiescence in existing conditions, appellant previously raised substantially similar claims in a post-conviction petition for a writ of habeas corpus, and the State may suffer prejudice from the delay. Hart v. State, 116 Nev. 558,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10405

563-64, 1 P.3d 969, 972 (2000). Therefore, the district court did not err in denying appellant's motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. David B. Barker, District Judge
Carlos Ortiz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.